IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **ARON J. AUSTIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 23-cv-02209-TLP-tmp |
| | ) |
| **ECONO AUTO PAINTING OF WEST** | ) |
| **TENNESSEE, INC.,** | ) |
| **d/b/a ECONO AUTO PAINTING AND** | ) |
| **BODY WORK,** | ) |
| | ) |
| Defendant. | ) |

---

**REPORT AND RECOMMENDATION**

---

Before the court is a Motion for Leave to Amend Complaint and Join an Additional Party filed by *pro se* plaintiff Aron J. Austin on May 1, 2023, and a corrected Motion to Dismiss filed by Econo Auto Painting of West Tennessee, Inc. ("Econo West Tennessee") on May 2, 2023.[1] (ECF Nos. 16 & 21.) Austin filed an Opposition to the Defendants' Motion to Dismiss on May 3, 2023. For the reasons below, it is recommended that plaintiff's motion to amend his complaint be denied and the defendant's motion to dismiss be granted.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

-1-

## I. PROPOSED FINDINGS OF FACT

Aron J. Austin is a resident of Millington, Tennessee. (ECF No. 13 at PageID 59.) On January 23, 2023, he went to Econo West Tennessee at its 1420 N. Watkins Street, Memphis, Tennessee location seeking to have his car painted. (Id.) Econo West Tennessee is incorporated in Tennessee and includes two locations, including the shop at N. Watkins Street (ECF No. 23.) According to his complaint, Austin alleges that his car was painted the wrong color by the defendant. (Id.) He further alleges that the defendant then repainted it, but the job was done poorly and the new coat began to peel within two weeks. (Id.)

As a result, Austin filed a *pro se* complaint in federal court on April 11, 2023, against Econo Auto Painting of Tampa Bay, Inc. ("Econo Tampa Bay"). (ECF No. 1.) He referred to the Econo Auto Painting location at 1420 N. Watkins Street as a Tennessee branch of Econo Auto Painting and Body Work. (Id.) Austin alleged two breaches of contract, two instances of negligence or gross negligence, and intentional and negligent infliction of emotional distress. (Id.) His complaint, which was filed under diversity jurisdiction, sought $750,000 in damages. (Id.)

Austin sought leave to amend his complaint under Federal Rule of Civil Procedure 15(a) on April 17, 2023. (ECF No. 10.) It was granted by the undersigned on April 18, 2023. (ECF No. 12.) In his amended complaint, filed on April 19, 2023, Austin changed the

defendant from Econo Tampa Bay to Econo West Tennessee, but otherwise did not alter his claims. (ECF No. 13.) On May 1, 2023, Austin again filed for leave to amend his complaint. (ECF No. 16.) In his motion, Austin seeks to join Econo Tampa Bay to his current action against Econo West Tennessee. (Id.) He also seeks to add two additional claims against Econo Tampa Bay: vicarious liability and supervisory negligence. (Id.)

On May 2, 2023, Econo West Tennessee filed a Rule 12(b)(1) and 12(b)(4) "corrected" motion to dismiss. (ECF No. 21.) It argues first that this court lacks subject matter jurisdiction to hear Austin's case because there is no diversity of citizenship between the parties. (Id.) Econo West Tennessee also argues that it was improperly served. (Id.) Austin responded to the defendant's motion on May 3, 2023. (ECF No. 24.) He argues that the parties would be diverse and service of process would be sufficient if his May 1, 2023 motion seeking leave to amend were granted. (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

Defendant first brings its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal courts are courts of limited subject matter jurisdiction; they can adjudicate only those claims authorized by the Constitution or an act of Congress. Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 553 (6th Cir. 2012). "Subject-matter jurisdiction refers to 'the classes of

cases' that fall 'within a court's adjudicatory authority.' A court that lacks subject-matter jurisdiction has no power but to dismiss the case; it may not address the merits." Taylor v. Owens, 990 F.3d 493, 496 (6th Cir. 2021) (citations omitted). A challenge to this court's subject matter jurisdiction can come in two forms. A facial attack accepts the material allegations of the complaint as true but insists nonetheless that the court lacks subject matter jurisdiction to hear the case. Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007). A factual attack claims that the court lacks subject matter jurisdiction regardless of what the plaintiff has pleaded and requires the trial court to weigh the evidence before it in determining whether that is the case. Id. The present case involves a facial attack on subject matter jurisdiction.

**B.   Diversity Jurisdiction**

For diversity jurisdiction to exist, there must be complete diversity between the parties, plus an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). Complete diversity of citizenship exists when "no plaintiff and no defendant are citizens of the same state." Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

There is no complete diversity between the parties. Austin is a citizen of Tennessee. (ECF No. 13 at PageID 59.) Econo West Tennessee is incorporated in Tennessee, and therefore is a citizen of Tennessee. (ECF No. 23.) Austin argues in his May 10, 2023 filing that, were the court to grant his motion for leave to amend his complaint, issues of subject matter jurisdiction would be cured. (ECF No. 31.) However, in seeking leave to amend his complaint, Austin wishes to maintain his action against Econo West Tennessee, requesting to add Econo Tampa Bay as a second defendant. (ECF Nos. 16, 17.) Because Austin, a Tennessee plaintiff, would still be suing Econo West Tennessee, a Tennessee defendant, the parties would still not be diverse and this court would still not have diversity jurisdiction over Austin's claims.

## C.   Federal Question Jurisdiction

"'Absent diversity of citizenship, federal-question jurisdiction is required.'" Kitzmann v. Local 6-19M Graphic Comms. Conf. of Intern. Brothers of Teamsters, 415 F. App'x 714, 716 (6th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); see also 28 U.S.C. § 1331. "[W]hether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint."

Kitzmann, 415 F. App'x at 716. Federal question jurisdiction is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." Arbaugh v. Y&H Corp., 546 U.S. 500, 512 (2006). "The 'arising under' gateway into federal court in fact has two distinct paths: 1) litigants whose causes of action are created by federal law, and 2) state-law claims that implicate significant federal issues." Est. of Cornell v. Bayview Loan Servicing, LLC, 908 F.3d 1008, 1012 (6th Cir. 2018) (internal citations and quotations omitted).

No federal question is apparent from the face of the complaint. Austin alleges in his May 9, 2023 filing that Econo West Tennessee engaged in federal crimes and took out federal Paycheck Protection Program loans. (ECF No. 31.) But Austin, as a private citizen, has no private cause of action for alleged violations of federal crimes. See Yousif v. JP Morgan Chase Bank, N.A., No. CV 21-12185, 2021 WL 5494791, at *1 (E.D. Mich. Nov. 22, 2021), reconsideration denied, No. CV 21-12185, 2022 WL 3446199 (E.D. Mich. Aug. 17, 2022) (citing Saro v. Brown, 11 F. App'x 387, 388 (6th Cir. 2001)) ("Absent a private right of action, a plaintiff cannot recover civilly for the violation of a criminal statute."). The claims Austin makes against Econo West Tennessee in his amended complaint — breach of contract, negligence, and intentional and negligent infliction of emotional distress — are neither based in federal law nor do they implicate significant

federal issues. The same is true for the vicarious liability and supervisory negligence claims he hopes to raise if he were allowed to amend his complaint again. Because Austin's claims are purely state law claims, this court has no federal question jurisdiction.

**D.  Supplemental Jurisdiction**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because the court has found no basis for asserting original jurisdiction over this case, supplemental jurisdiction would likewise be inappropriate.

**E.  Austin's Motion to Amend the Complaint**

In general, district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court need not grant a motion to amend when the reason for amendment is improper, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc." Parchman v. SLM Corp., 896 F.3d 728, 736 (6th Cir. 2018) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (emphasis added). "[W]here a proposed amendment would not

-7-

survive a motion to dismiss, the court need not permit the amendment." Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 383 (6th Cir. 1993) (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980)). Austin's proposed amendment is futile. Regardless of whether Econo Tampa Bay is joined into the lawsuit and whether or not Austin raises the vicarious liability and supervisory negligence claims, this court lacks any subject matter jurisdiction to hear his suit.

Further, "[a]n act of joinder under Rule 19 would itself be an exercise of federal court jurisdiction. In the absence of jurisdiction over the existing lawsuit, a district court has no power to join another party to the proceeding." Roberts v. Mars Petcare U.S., Inc., 874 F.3d 953, 958 (6th Cir. 2017) (citing Vill. of Oakwood v. State Bank & Tr. Co., 481 F.3d 364, 367 (6th Cir. 2007)). With no jurisdiction over the issues raised in the complaint, the undersigned finds that this court could not join Econo Tampa Bay to this lawsuit.

Given that this court lacks subject matter jurisdiction over the claims and therefore must dismiss this case, the undersigned need not address whether service of process was proper.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that the defendant's motion to dismiss be granted and that the plaintiff's

complaint be dismissed based on lack of subject matter jurisdiction.

    Respectfully submitted,

                        s/ Tu M. Pham
                        TU M. PHAM
                        Chief United States Magistrate Judge

                        September 19, 2023
                        Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**