# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ARON J. AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:23-cv-02209-TLP-tmp |
| v. | ) |
| | ) |
| ECONO AUTO PAINTING OF WEST | ) |
| TENNESSEE, INC., d/b/a ECONO AUTO | ) |
| PAINTING AND BODY WORK, | ) |
| | ) |
| Defendant. | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Aron J. Austin sued Defendant Econo Auto Painting of West Tennessee after Defendant allegedly painted Plaintiff's car the wrong color. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Chief Magistrate Judge Tu M. Pham ("Judge Pham") for management of all pretrial matters. Plaintiff moved to amend the Complaint and add a party (ECF No. 15) and Defendant moved to dismiss for lack of subject matter jurisdiction.[1] (ECF No. 21.) Judge Pham entered a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's Motion to Amend and grant Defendant' Motion to Dismiss. (ECF No. 34.) For the reasons below, the Court **ADOPTS** the R&R, **DENIES** Plaintiff's Motion to Amend and **GRANTS** Defendant's Motion to Dismiss.

---

[1] Defendant also moves under FRCP 12(b)(4) for insufficient process. (ECF No. 34 at PageID 307.) Because Judge Pham recommends that this matter be dismissed for lack of subject matter jurisdiction, he does not address service of process. (*Id.*)

1

**BACKGROUND AND THE R&R**

Plaintiff sued Defendant for breach of contract, negligence, and intentional and negligent infliction of emotional distress after Defendant allegedly painted Plaintiff's car the wrong color and then, when correcting the mistake, applied a paint coat that peeled after two weeks. (*Id.* at PageID 306.) Plaintiff moved to amend the Complaint (ECF No. 10) and Judge Pham granted this motion. In the amended complaint, Plaintiff only changed Defendant's name from "Econo Tampa Bay" to "Econo West Tennessee." (*Id.*) Plaintiff moved to amend his complaint again to add "Econo Tampa Bay" as a defendant and include two new claims for vicarious liability and supervisory negligence. (ECF No. 16.) Defendant then moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(4) because the Court does not have subject matter jurisdiction and because Defendant was improperly served. (ECF No. 21.)

After recounting the factual and procedural history, Judge Pham analyzed the potential paths for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. (ECF No. 34 at PageID 308–11.) He also briefly discussed Federal Rule of Civil Procedure 15(a) which permits amendments to pleadings, and Federal Rule of Civil Procedure 19 that permits the joinder of parties. (*Id.* at PageID 311–12.) Judge Pham found that the Court lacks subject matter jurisdiction because the parties are not completely diverse and because Plaintiff brings only state law claims. (*Id.* at PageID 312–13.)

Judge Pham recommended that this Court deny Plaintiff's Motion for Leave to Amend and grant Defendant's Motion to Dismiss because the Court lacks subject matter jurisdiction. (*Id.*) This Court agrees with Judge Pham's reasoning and his recommendations.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, meaning they can only adjudicate claims authorized by the Constitution and acts of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 698 F. 3d 548, 553 (6th Cir. 2012). If a court determines that it has no authority to hear a case, then it cannot evaluate the merits and it must dismiss. *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021) (citations omitted). Courts liberally construe pro se complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But pro se litigants still must follow the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011). Courts "have no obligation to act as counsel or paralegal to pro se litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge

Pham entered his R&R in September 2023 and Plaintiff did not object. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record here and finding no clear error, the Court agrees with Judge Pham's R&R.

### I.     Plaintiff Failed to Meet his Burden of Establishing Subject Matter Jurisdiction

Plaintiff has not shown that this Court has subject matter jurisdiction to hear his case. Plaintiff has not pleaded a question of federal law, nor has he pleaded claims against a diverse party.

Under 28 U.S.C. § 1331, federal district courts have "subject-matter jurisdiction over all claims 'arising under' federal law." *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006). That is known as "federal question" jurisdiction. Determining whether a complaint arises under federal law is known as the "well-pleaded complaint rule." *Kitzmann v. Local 6-19M Graphic Comms. Conf. of Intern. Brothers of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011) (quoting *Caterpillar Inc. v. Williams*, 428 U.S. 386, 392 (1987)). This means that the federal question must be apparent from the "face" of the complaint. *Id.* Plaintiff pleads claims based in tort and contract law—state causes of action. No claim arises under federal law. And neither of the two new claims Plaintiff wishes to add—vicarious liability and supervisory negligence—is a federal claim. (ECF No. 34 at PageID 311.)[2]

---

[2] Plaintiff alleges that Defendant erroneously took federal Paycheck Protection Program Loans. (ECF No. 31.) This allegation does not establish federal question jurisdiction, especially given that Plaintiff holds no private right of action. *See Saro v. Brown,* 11 F.App'x 387, 388 (6th Cir. 2011).

Under 28 U.S.C. § 1332(a), a court has diversity jurisdiction over a case if there is complete diversity among the parties and the amount in controversy exceeds $75,000. Complete diversity means that "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan Inc., v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted). A corporation is a citizen of every state in which it is incorporated, and where it maintains its "principal place of business." § 28 U.S.C. 1332(c). Because Plaintiff is a Tennessee citizen and Defendant is incorporated in Tennessee, the parties are not diverse. (ECF No. 34 at PageID 309.) Plaintiff argues that by adding a diverse party, Econo Tampa Bay, the Court will have subject matter jurisdiction. But he still seeks to assert his claims against Econo West Tennessee, a non-diverse defendant. (ECF No. 34 at PageID 309.) So the Court will still not have diversity jurisdiction. (*Id.*)

As a result, the Court agrees with Judge Pham's recommendation that the Court lacks jurisdiction to hear this case.

## II.     Plaintiff Cannot Amend the Complaint Because the Court Lacks Subject Matter Jurisdiction

The Court also agrees with Judge Pham's recommendation to deny Plaintiff's Motion to Amend. Though FRCP 15(a)(2) liberally permits amendment to a complaint "when justice so requires," a court should not grant the motion if the amendment would be futile. *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). As mentioned above, Plaintiff has not pleaded a federal question or sued a diverse party. The Court therefore has no subject matter jurisdiction and, even if Plaintiff amended his claim, the Court would still lack jurisdiction.

Also, for the same reasons, the Court cannot join a party under FRCP 19. *Roberts v. Mars Petcare U.S., Inc.*, 874 F.3d 953, 958 (6th Cir. 2017) ("[i]n the absence of jurisdiction over

5

the existing lawsuit, a district court has no power to join another party to the proceeding") (citing *Vill. of Oakwood v. State Bank & Tr. Co*., 481 F.3d 364, 367 (6th Cir. 2007)).

## CONCLUSION

The Court evaluates Judge Pham's R&R for clear error and finds none. And so the Court **ADOPTS** the R&R, **DENIES** Plaintiff's Motion to Amend, **GRANTS** Defendant's Motion to Dismiss, and **DISMISSES** Plaintiff's case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 28th day of December, 2023.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE